IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MILTON MIR-YEPEZ,

Plaintiff,

v.

BANCO POPULAR DE PUERTO RICO,

Defendant.

CIVIL NO. 06-1514 (ADC/CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Milton Mir-Yepez (hereafter "plaintiff " or "Mir-Yepez") filed a Third Amended Complaint against defendant Banco Popular de Puerto Rico (hereafter "defendant") alleging a civil right violation due to national origin. The Third Amended Complaint was eventually dismissed at summary judgment and judgment was entered in favor of defendant. The judgment was thereafter affirmed on appeal.

On March 27, 2009, defendant submitted a "Motion for Attorneys' Fees" with the corresponding attachment and attorney's declaration. In essence, defendant avers attorneys' fees shall be allowed, as the prevailing party, in a case where plaintiff made frivolous and contumacious claims. Defendant submitted, in support thereof, an itemized invoice for fees incurred in the case by defendant who retained the services of the law firm of Toro, Colón, Mullet, Rivera & Sifre, P.S.C., for a total of 502.10 hours at a rate between

$125.00 per hour for senior partner Jaime E. Toro Monserrate, $115.00 per hour, for associate partner, and $60.00 per hour for paralegal services, for a total of $56,474.00.[1] (Docket No. 81). Plaintiff then filed an opposition. (Docket No. 84).

## BACKGROUND

Judgment for defendant was entered on summary judgment which was not opposed by plaintiff upon determining that plaintiff's own statement under oath during his deposition showed the facts of the case, as stated in the Third Amended Complaint, did not occur nor there were material issues of facts to support the allegations of discrimination presented by plaintiff Mir-Yepez as to defendant Banco Popular. Additionally, it was also determined that any monetary damages claimed by plaintiff were self-inflicted for failing to take any action to mitigate, nor damages had been caused by defendant. On the grounds discussed at length by this Magistrate Judge, all federal and supplemental plaintiff's claims were dismissed. (Opinion and Order of April 24, 2008, Docket No. 69).

Plaintiff proceeded to file an appeal of this court's finding in favor of defendant. The Court of Appeals summarily affirmed this district court's judgment. In the opinion of the Court of Appeals, it was noted that plaintiff had failed to exercise due diligence by not filing

---

[1] To calculate a reasonable amount of attorney's fees, the court must determine the hours reasonably expended on the litigation, multiplied by a reasonable hourly rate. Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001). Under this lodestar approach, the trial judge is supposed to calculate the time spent by counsel, subtracting duplicated, unproductive and excessive hours, and then apply the prevailing rates in the community taking into account the experience, qualifications and competence of the attorneys involved. Id. In fashioning the award, the records submitted by the attorneys are usually the starting point, but the court's determination is by no means circumscribed to what the attorneys submit is the time spent or the rate they charge. Id. It is the duty of the court "to winnow out excessive hours, time spent tilting at windmills, and the like." Id. at 296 (citing Coutin v. Young & Rubicam P.R., Inc., 124 F.3d 331, 337 (1st Cir. 1997)).

Case 3:06-cv-01514-ADC   Document 96   Filed 05/04/09   Page 3 of 9

Milton Mir-Yepez v. Banco Popular de Puerto Rico, et al.
Civil No. 06-1514 (ADC/CVR)
Opinion and Order
Page No. 3

a timely opposition to the summary judgment motion filed by defendants.[2] It was also found that the district court's opinion was both closely reasoned and clearly correct. Mir-Yepez v. Banco Popular, slip op. No. 08-1868 (1st Cir. March 9, 2009).

We are now in a position to rule on the defendant's request for attorneys' fees.

## APPLICABLE LAW

### A. Defendant's Entitlement to Attorney's Fees as the Prevailing Party.

The Civil Rights Act provides for the court, in its discretion, to allow the prevailing party, other than the United States, a reasonable attorney's fees as part of the costs. Title 42, United States Code, Sections 1981-1983, 1985, 1986 and 2000d *et seq*.; Title 20, United States Code, Sections 1681 *et seq*.,

Federal courts have usually followed the so-called American Rule that a prevailing litigant is ordinarily not entitled to collect a reasonable attorney's fee from the losing party. It has considered, among other reasons, that litigants should not be penalized for bringing or defending a lawsuit and the impact this would cause on the poor that would unjustly discouraged them from filing actions to vindicate their rights. There are, however, exceptions, and attorney's fees may be awarded, under equitable considerations and within the court discretion when allowed by statute or by contracts.

---

[2] A review of the record shows defendant Banco Popular's Motion for Summary Judgment was filed on March 12, 2008 and plaintiff filed a Motion to Designate Rule 56(f) Discovery on April 2, 2008, that is, twenty (20) days after the motion for summary judgment was filed. In fact, the Rule 56(f) request was filed after the period of time allowed by the Federal Rules of Civil Procedure to oppose the motion for summary judgment had expired on March 31, 2008 and on the day the Court denied plaintiff's motion for reconsideration on April 2, 2008 in which the Court re-affirmed its ruling that the Motion for Summary Judgment was deemed unopposed (Docket Nos. 60 and 62). On April 8, 2009, the Rule 56(f) request was denied for failure to comply with the requirements of said rule. As such, the discovery period was not extended and the motion for summary judgment was deemed unopposed. (Docket No. 65).

Section 1988 claims in particular provides for award of attorney's fees not merely to prevailing plaintiffs, but also to prevailing defendants. For plaintiff, attorney's fees will routinely be awarded. For defendants, award of attorney's fees is the exception since it is an extreme sanction that must be limited to egregious cases of conduct. *See* Francis M. Dougherty, *Right of Defendant in Civil Cases to Receive Attorney's Fees*, 104 ALRFed 14 (1991).

A defendant in a civil rights case will be a prevailing party only if plaintiff's claim was frivolous, unreasonable, groundless, or brought in bad faith. Rosselló González v. Acevedo Vilá, 483 F.3d 1 (1st Cir. 2007) (denying attorney's fees for defendant not an abuse of discretion since defendants be granted fees only upon finding the action filed against them is frivolous, unreasonable or without foundation, even though not brought in subjective bad faith).

A court should avoid the post-hoc reasoning that because plaintiff did not ultimately prevail, the claim must have been frivolous, unreasonable or without foundation and even if frivolous, it is still within the discretion of the court to deny attorney's fees to prevailing defendants. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694 (1978); *see also* Hughes v. Rowe, 449 U.S. 5, 14-16, 101 S.Ct. 173 (1980); *and see* Bercovitch v. Baldwin School, Inc., 191 F.3d 8, 10 (1st Cir. 1999); Tang v. Dep't of Elderly Affairs, 163 F.3d 7, 13 (1st Cir. 1998).

A prevailing party, explained in a general fashion so as to encompass both plaintiffs and defendants, is one that receives actual relief on the merits of the claim which materially

alters the legal relationship between the parties by modifying behavior that directly benefits the winning party. *See* Gay Officers Action League, 247 F.3d 288, 292 (1st Cir. 2001). The change in the legal relationship must be brought about by "judicial imprimatur." Buckhannon Board & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605, 121 S.Ct. 1835 (2001).[3]

      Turning to the instant case, it is evident the complaint filed by plaintiff Mir-Yepez was frivolous, unreasonable and/or in bad faith, after completion of discovery and the taking of plaintiff Mir-Yepez' deposition testimony and, at least, by the time the summary judgment motion was filed. Furthermore, attorneys for plaintiff thereafter failed to diligently pursue the case by making at last minute failed attempt to extend the discovery deadline by filing an untimely Rule 56(f) motion and by failing to file an opposition to defendant's motion for summary judgment. After the opinion issued by this Court supported by the plaintiff's own evidence, and having found for defendant, attorneys for plaintiff proceeded with the filing of additional motions and to appeal, forcing defendants to further incur in expenses in defending from a frivolous case.

      Thus, this court is not determining that the claim was frivolous merely based on the fact plaintiff did not prevail in his claims at the level of summary judgment.

---

[3] As to age discrimination cases in particular, the Supreme Court recently determined in Meachan v. Knolls Atomic Power Lab, ___ S.Ct. ___, 2008 WL 2445207 (June 19, 2008), that even when dealing with seemly neutral layoff policy, if it affects older workers in a disparate fashion, the burden remains on the employer to establish a non-discriminatory animus. The Supreme Court construed the age discrimination statutes broadly to favor older employees and enable them to overcome a procedural hurdle. The Supreme Court did so even though it recognized that putting employers to the work of persuading fact-finders that their choices were reasonable would make it harder and costlier to defend from an age discrimination case.

In any event, this Magistrate Judge recognizes the court retains discretion not to grant attorney's fees in civil rights action regardless of a finding of frivolity and is also concern with the possible chilling effect on those aggrieved plaintiffs who may consider being subject of discrimination and seek redress. *See* Tang v. R.I., Dep't of Elderly Affairs, 163 F.3d at 15 (holding that the district court retains significant discretion in reducing or denying an award of attorney's fees after considering all the nuances of the particular case notwithstanding a finding of frivolity); *see also* Andrade v. Jamestown Hous. Auth., 82 F.3d 1179, 1193 (1st Cir. 1996).

However, in the present case, attorneys for plaintiff showed a total disregard for the truth of the allegations presented in the complaint and continued even thereafter to pursue a frivolous action that bordered and surpassed in temerity. Under Puerto Rico law, obstinacy of a party, for purpose of awarding attorney's fees to opposing party, is to be judged in light of the overall circumstances of the particular case.[4] Correa v. Cruisers, a Div. Of KCS Intern, Inc., 298 F.3d 13, 30 (1st Cir. 2002). Once the court has determined that a party has engaged in obstinate conduct, imposition of attorney's fees becomes mandatory. De Leon López, v. Corporación Insular de Seguros, 931 F.2d 116, 126 (1st Cir. 1991).

The record of the case, as substantiated by the summarized events in the opinion and order issued and affirmed by the Court of Appeals, establish that plaintiff and/or his

---

[4] Rule 44.1(d) of P.R.Laws Ann. Tit. 32 III, provides with certain exceptions that when any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for attorney's fees which the court decides corresponds to such conduct.

Milton Mir-Yepez v. Banco Popular de Puerto Rico, et al.
Civil No. 06-1514 (ADC/CVR)
Opinion and Order
Page No. 7

attorneys have in the instant case displayed an obstinate and contumacious conduct, with the frivolous defense of claims that their own evidence showed lack any grounds.

Accordingly, this Magistrate Judge opines the attorneys' fees requested by defendant Banco Popular, with some modifications, are warranted.

**B. Amount of Attorneys' Fees Approved.**

When fee shifting is exercised, a district court is expected to explain its action although the findings need not be infinitely precise. *See* Foster v. Mydas Assoc., Inc., 943 F.2d 139, 141 (1st Cir. 1991); United States v. Metropolitan Dist. Comm'm, 847 F.2d 12, 16 n.4 (1st Cir. 1988). *See also* Casa Marie Hogar Geriátrico v. Rivera- Santos, 38 F.3d 615, 618 (1st Cir. 1994).

Defendant's request for attorneys' fees stems from the onset of the filing of the complaint for 502.10 hours, for a total of $56,474.00, itemizing the hourly rates for senior partner, associate, and paralegal from $125.00, $115.00 and $60.00, respectively. The hourly rates proposed are considered reasonable and as therein stated, well below market value and other similar claims approved in this district and by this Magistrate Judge to prevailing parties. In addition, the hours expended in the litigation by defendant's counsel and paralegals are also deemed appropriate.

Still, within the discretion of the Court and considering any repercussion that a chilling effect on a losing plaintiff for civil rights claims may result, the frivolous and temerity in the instant case is considered to have started from the time defendant filed its motion for summary judgment. By said time, plaintiff had already been placed on notice

that his own evidence did not support the allegations against defendant, yet attorneys for plaintiff showed lack of diligence in not presenting either a dismissal of the complaint or even a reply to summary judgment with a reasonable legal contention to support a good faith believe that plaintiff still held a cause of action against defendant and had a reasonable opportunity to legally prevail in plaintiff's claims.[5]  Instead of filing a timely opposition to the summary judgment request, plaintiff's counsel filed an untimely Motion to Designate Rule 56(f) discovery which further delayed the proceedings in a failed attempt to extend the discovery and oppose the dispositive motion.  Therefore, it is considered that since the filing of the defendant's summary judgment plaintiff, who was then clearly in possession of evidence contrary to its own averments, knowingly continued with litigation which was frivolous and bordering on temerity.

The fee award requested by defendant is thus considered justified since March 12, 2008, when defendant prepared and submitted the summary judgment which eventually prevailed in dismissing plaintiff's claims and in a judgment for defendant.  Thus, the total hours and attorneys' fees approved are as follows:

| | | |
|---|---|---|
| 127.9 hours (JTM) at the rate of $125.00 | = | $15,987.50 |
| 17.3 hours (ASB)  at the rate of $115.00 | = | 1,989.50 |
| 12.3 hours (PVK)  at the rate of $115.00 | = | 1,414.50 |
| 9.8 hours (ECR) at the rate of $60.00 | = | 588.00 |

---

[5] The main purposes of awarding attorney's fees in cases of obstinacy is to impose a penalty upon a losing party that because of his stubbornness, obstinacy, rashness, and insistent frivolous attitude has forced the other party to needlessly assume the pains, costs, efforts, and inconveniences of a litigation.  Fernández v. San Juan Cement Co., Inc., 118 D.P.R. 713, 18 P.R. Offic. Trans. 823 (1987).

|  |  |  |
|---|---|---|
| 21.8 hours (HLC) at the rate of $60.00 | = | 1,308.00 |
| 3.50 hours (FOB) at the rate of $60.00 | = | 210.00 |
|  | **TOTAL……………………….** | **$21,497.50** |

Accordingly, attorneys' fees for defendant Banco Popular are awarded in the amount of $21,497.50.

### CONCLUSION

In view of the foregoing, defendant Banco Popular's "Motion for Attorneys' Fees" (Docket No. 81) is **GRANTED**, as modified herein and in the amounts above indicated, for a total of $21,497.50.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of May of 2009.

s/CAMILLE L. VELEZ-RIVE
**CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE**